**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RAFAEL ENRIQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3466 |
| | § | |
| CITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The City of Houston has moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss this employment discrimination case filed by a former employee, Rafael Enriquez. The City argues that the case should be dismissed because Enriquez failed to obtain a right-to-sue letter from the Attorney General. Enriquez responds that his right-to-sue letter from the EEOC suffices.

The dispute stems from the statute that outlines the procedural requirements for a Title VII claim. One part of the statute states that "[i]f the Commission determines . . . that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify" the claimant. 42 U.S.C. § 2000e-5(b). A later subsection provides that if the EEOC finds reasonable cause, it forwards the case to the Attorney General. § 2000e-5(f)(1). That subsection also states that if the EEOC dismisses a charge against a political subdivision, the Attorney General shall notify the claimant, laying that responsibility at the Attorney General's door. *Id.*[1] The Fifth Circuit interpreted

---

[1]     The relevant portion of § 2000e-5(f)(1) provides:

> If a charge filed with the Commission . . . is dismissed by the
> Commission, or if within one hundred and eighty days from the
> filing of such charge . . . the Commission has not filed a civil

this statute to require the Attorney General to issue the right-to-sue letter whether the EEOC dismisses the action or not. *Hendrix v. Mem'l Hosp. of Galveston County,* 776 F.2d 1255, 1256 (5th Cir. 1985). In reaching this result, the court noted that "[a]t the time," the EEOC's regulations "expressly provided that [the] Attorney General would issue the notices of right to sue." *Id.* at 1256. The court explained that "[a] subsequent 1980 amendment to this provision [29 C.F.R. § 1601.28(d)], which has been the subject of dispute . . . is fortunately not before us," *id.* at 1256 n. 1, and noted that "[w]hether or not appellant could have filed suit before she received the letter from the Justice Department is not at issue here," *id.* at 1257.

The amendment to which the *Hendrix* court referred specifies that when the EEOC dismisses a claim against a political subdivision, the EEOC, and not the Attorney General, issues the right-to-sue letter.  29 C.F.R. § 1601.28(d).   In 1980, the Justice Department and EEOC reached an understanding and the Justice Department itself requested that the EEOC issue right-to-sue notices to governmental bodies:

> We recommend that the Commission . . . publish[ ] a new regulation
> . . . providing for the issuance of notices of right to sue along with
> dismissal in cases involving state or local governmental units. We
> believe that adoption of this procedure nationwide will be consistent
> with the intent of Congress that once the administrative process is

---

> action under this section or the Attorney General has not filed
> a civil action in a case involving a government, governmental
> agency, or political subdivision, or the Commission has not
> entered into a conciliation agreement to which the person
> aggrieved is a party, the Commission, or the Attorney General
> in a case involving a government, governmental agency, or
> political subdivision, shall so notify the person aggrieved and
> within ninety days after the giving of such notice a civil action
> may be brought [by the person aggrieved].

> complete, the filing of suits should be permitted. The new procedure
> will bring the procedure for state and local governments into accord
> with that for private sector respondents.

Letter from Assistant Attorney General Drew S. Days III to Eleanor Holmes Norton, Chair, EEOC

(Mar. 17, 1980), *reprinted in* 45 Fed. Reg. 48,617–18 (1980).  The Commission followed the Justice

Department's recommendation, revising its regulations to provide:

> In all cases where the respondent is a government, governmental
> agency, or a political subdivision, the Commission will issue a notice
> of right to sue when there has been a dismissal of a charge. . . . In all
> other cases where the respondent is a government, governmental
> agency, or political subdivision, the Attorney General will issue the
> notice of right to sue, including . . . [w]hen there has been a finding
> of reasonable cause by the Commission, there has been a failure of
> conciliation, and the Attorney General has decided not to file a civil
> action.

29 C.F.R. § 1601.28(d) (1987).

The Fifth Circuit has not yet addressed in a precedential published opinion the effect, if any,

of this amendment on its interpretation of § 2000e-5.  In an unpublished opinion, the Fifth Circuit

affirmed a district court's dismissal of a Title VII claim without prejudice for failing to obtain a

right-to-sue letter from the Attorney General, citing § 2000e-5(f)(1), but there is no indication

whether the EEOC had issued such a letter in that case.  *Garrett v. City of Houston,* 102 F. App'x

863, 2004 WL 1448073, at *1 (5th Cir. 2004) (unpublished).

The right-to-sue letter is not a jurisdictional requirement. *Pinkard v. Pullman-Standard*, 678

F.2d 1211, 1215 (5th Cir. 1982).  Some circuits have granted equitable relief when the Attorney

General was asked but refused to issue a right-to-sue letter.  *See, e.g., Hiller v. Oklahoma ex rel.*

*Used Motor Vehicle & Parts Comm'n*, 327 F.3d 1247, 1250 (10th Cir. 2003); *Fouche v. Jekyll*

*Island-State Park Auth.*, 713 F.2d 1518, 1525 (11th Cir. 1983).  Others have waived the requirement

that the Attorney General issue the right-to-sue letter if the EEOC has issued it instead. *See, e.g.,*
*Moore v. City of Charlotte, N.C.*, 754 F.2d 1100, 1104 n. 1 (4th Cir. 1985) ("Entitlement to the
letter, without actual receipt of it, is sufficient to support federal jurisdiction. . . .  [The claimant's]
entitlement is unaffected by any EEOC assumption of Justice Department duties, as [the claimant]
may not be penalized for an EEOC failure to fulfill its statutory duties." (internal citation omitted)).
In *Hiller*, although the facts showed that the plaintiff had sought a letter from the Attorney General
and been refused, the court "agree[d] with the other courts that have noted the futility of requesting
such letters when the requests are routinely denied."  327 F.3d at 1252.  The court deemed it futile
for a plaintiff to request a letter from the Attorney General, because such a request is routinely
denied pursuant to 29 C.F.R. § 1601.28(d), under the Attorney General's interpretation that the
right-to-sue notice from the EEOC is sufficient to meet the Attorney General's duties under the
statute.  *Id.*

        Some district courts in the Fifth Circuit have considered the Fifth Circuit's *Hendrix* opinion
to preclude them from applying the 1980 regulation to allow a right-to-sue letter from the EEOC to
suffice.  These courts have required a plaintiff to ask the Department of Justice for a right-to-sue
letter, recognizing that the Department will refuse.  *Compare Zamora v. City of Houston*, No. 4:07-
cv-4510, 2008 WL 3852416, at **4–6 (S.D. Tex. Aug. 15, 2008) (declining to dismiss but requiring
the plaintiff to seek a right-to-sue letter and obtain a response from the Department of Justice before
the close of discovery), *with Johnson v. City of Houston*, No. H-07-4516, 2008 WL 2622924, at *2
(S.D. Tex. June 30, 2008) (reprinting a letter received by the plaintiff from the Department of Justice
stating: "[I]n light of [29 C.F.R. § 1601.28(d)], it would be improper for the Department of Justice
to issue a notice-of-right-to-sue letter on this charge and we decline to do so," and concluding that

with such a response from the Department of Justice, the right-to-sue notice from the Attorney General was waived), *and Chhim v. City of Houston*, No. H-08-2359, 2008 WL 4560605, at *2 (S.D. Tex. Oct. 9, 2008) (stating that with such a response from the Department of Justice, district courts may waive the requirement of a right-to-sue letter from the Department of Justice). Other courts have held that if the EEOC has issued the plaintiff a right-to-sue letter, it would be inequitable to insist that the plaintiff seek (and be refused) a letter from the Department of Justice. *See Jackson-Hall v. Gulfport School District*, No. 1:06-cv-534, 2007 WL 2406971 (S.D. Miss. Aug. 20, 2007) ("It would be inequitable to insist [that the plaintiff] pursue a procedural requirement that, right or wrong, the EEOC and Department of Justice do not recognize.").

There is no published Fifth Circuit case resolving whether a claimant who has received an EEOC right-to-sue letter must go through the clearly futile step of seeking a right-to-sue letter from the Department of Justice in order to obtain a refusal based on the fact that the EEOC had already issued the letter. *Garrett*, 102 F. App'x 863, did not state whether the plaintiff had received a right-to-sue notice from the EEOC, and in any event is not precedential. *See* 5th Cir. R. 47.5.4 ("Unpublished opinions issued on or after January 1, 1996, are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like).").

In the present case, Enriquez has obtained a right-to-sue letter from the EEOC. It is futile to require him to ask for a letter from the Attorney General. Under 29 C.F.R. § 1601.28(d), such a request would be refused based on the EEOC's letter. Equitable relief from the requirement of seeking and obtaining a right-to-sue letter from the Attorney General is appropriate and is granted.

The motion to dismiss is denied.

SIGNED on February 17, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge